[No. 12642-7-II.  Division Two.  October 8, 1990.]

RAYMOND L. LESON, *Appellant,* v. THE DEPARTMENT OF ECOLOGY, *Respondent.*

*James F. Pleasants* and *Bird & Percival,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Charles W. Lean, Assistant,* for respondent.

WORSWICK, J.—Raymond L. Leson appeals a Clallam County Superior Court order dismissing with prejudice his appeal of a Pollution Control Hearings Board decision for lack of subject matter jurisdiction and improper venue. The court held that Leson did not serve the Board within the required time, and that he failed to file the petition in either the county of his residence or Thurston County as required by former RCW 34.04.130(2). Laws of 1977, 1st Ex. Sess., ch. 52, § 1, p. 273.[1] Leson contends that the court mistook the starting date of the appeal period, and that his subsequent service and filing in King County, his county of residence, was timely and adequate to invoke appellate jurisdiction. We reverse.

The Department of Ecology fined Leson after an oil tanker he piloted ran aground in Port Angeles harbor. The Board affirmed on Leson's appeal. On June 29, 1988, the Board mailed a copy of its final decision and order to Leson's attorney of record, but not to Leson. The lawyer no longer represented Leson, but somehow Leson learned that the Board had decided against him.[2] Leson, acting pro se,

---

[1]Leson's petition for review was filed in superior court prior to the July 1, 1989, effective date of the 1988 administrative procedure act. Laws of 1988, ch. 288.

[2]The record does not suggest that Leson received a copy of the actual decision until much later, after he specifically requested that the Board mail him a copy.

filed his appeal petition in Clallam County on July 25, 1988, and he served Ecology but not the Board. The Superior Court dismissed the appeal on Ecology's motion, holding that Leson had not served both the Board and Ecology within the statutory appeal period.

At Leson's request, the Board finally mailed him a copy of the findings, conclusions, and decision on October 21, 1988. Within 30 days of this mailing, he refiled his appeal in King County and served both Ecology and the Board. Thereafter, he moved for reconsideration of the Clallam County Superior Court's ruling. The motion was denied, and Leson appealed to this court.[3] Leson contends that the 30–day appeal period began on October 21, 1988, when the Board complied with former RCW 34.04.120 by mailing to him a copy of the decision, and that his subsequent service and filing in King County satisfied the requirements of former RCW 34.04.130(2). We agree.

Former RCW 34.04.130(2) provides in part:

> Proceedings for review under this chapter shall be instituted by filing a petition in the superior court, at the petitioner's option, for (a) Thurston county, (b) the county of the petitioner's residence or principal place of business, . . . The petition shall be served and filed *within thirty days after the service of the final decision of the agency.* Copies of the petition shall be served upon the agency and all parties of record. . . .

(Italics ours.)

The procedure for effecting "service of the final decision of the agency" is set out in former RCW 34.04.120, providing in part:

> Parties to the proceeding shall be notified of the decision and order in person or by mail. A copy of the decision and order and accompanying findings and conclusions *shall be delivered or mailed to each party and to his attorney of record, if any.*

(Italics ours.)

Appeals from administrative tribunals invoke the limited appellate jurisdiction of the superior court, and there is no

---

[3]We assume that the King County action is pending and dormant. The record does not show otherwise. Leson has asked us to dismiss the Clallam County action without prejudice so he can proceed in King County.

jurisdiction unless the petitioner has complied with all statutory prerequisites. *Fay v. Northwest Airlines, Inc.,* 115 Wn.2d 194, 796 P.2d 412 (1990). We have consistently held that a *petitioner's* failure to comply with a jurisdictional statute deprived the superior court of subject matter jurisdiction. *See Banner Realty, Inc. v. Department of Rev.,* 48 Wn. App. 274, 738 P.2d 279 (1987) (failure to timely serve petition on the agency and all parties of record); *Mulenex v. Department of Empl. Sec.,* 47 Wn. App. 486, 736 P.2d 279 (failure to timely serve petition on the agency), *review denied,* 108 Wn.2d 1014 (1987); *Jones v. Department of Corrections,* 46 Wn. App. 275, 730 P.2d 112 (1986) (failure to serve Department with notice of appeal); *Reeves v. Department of Gen. Admin.,* 35 Wn. App. 533, 667 P.2d 1133 (failure to serve Department with notice of appeal), *review denied,* 100 Wn.2d 1030 (1983); *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 622 P.2d 1283 (1981) (failure to timely file petition for review). Because invariably there is a time within which a petitioner must fulfill jurisdictional requirements, there is no principled basis for allowing an agency to do less than the statute requires it to do before that time begins to run.

Former RCW 34.04.120 requires the agency to notify the parties and their counsel of its final decision. *See Tarabochia,* 28 Wn. App. at 121. Adequate notice of the decision is integral to the process of invoking appellate jurisdiction under former RCW 34.04.130. It is this statutorily required event that triggers the 30–day period for a timely appeal.

■■ "If the language of a statute is clear, its plain meaning must be given effect without resort to rules of statutory construction." *Mulenex,* 47 Wn. App. at 487. Here, the statutory language is clear: "A copy of the decision and order and accompanying findings *shall* be delivered or mailed *to each party and to his attorney of record, if any.*" (Italics ours.) Former RCW 34.04.120. We hold that, except in those limited situations where substantial compliance resulted in full and therefore adequate notice (*see In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980)), the

30–day appeal period of former RCW 34.04.130(2) does not begin unless and until a copy of the final decision is mailed to the attorney of record *and* to the parties. This is not such a situation, and because Leson timely filed and served all parties within 30 days of October 21, 1988, the date that his copy was mailed by the Board, he may proceed with an appeal of the Board's decision in King County Superior Court.[4]

Ecology argues that although the Board failed to comply strictly with the requirements of former RCW 34.04.120, its mailing was in substantial compliance with the statute, because Leson received actual notice of the Board's decision. However, the record shows that the extent of Leson's notice was only the cover letter from the copy of the decision that was mailed to Leson's attorney. There is no evidence that Leson had full knowledge of the Board's findings and conclusions, which is essential to the presentation of an effective appeal. *See In re LaBelle,* 107 Wn.2d 196, 218–19, 728 P.2d 138 (1986) (the entering of findings and conclusions ensure that the parties are informed as to the bases of the tribunal's decision). Without proof that Leson received *adequate* notice of the decision, including the findings, conclusions and decision of the Board, we cannot agree that Leson's knowledge was sufficient to satisfy the Board's statutory responsibility to notify him of its decision. *See Tarabochia,* 28 Wn. App. at 122 (mailing satisfies agency's service responsibilities if sufficient to notify the parties).

Moreover, the legislative history indicates that the Legislature considered delivery or mailing of the decision, findings, and conclusions both to the attorneys *and* to the parties, to be of importance in assuring adequate notice. Prior to a 1975 amendment, the statute read:

---

[4]We need not decide whether this appeal could have been brought in Clallam County, since Leson's filing in King County Superior Court *was adequate to* invoke that court's appellate jurisdiction.

> A copy of the decision and order and accompanying findings and conclusions shall be delivered or mailed to each party *or* to his attorney of record.

Laws of 1975, ch. 12, p. 22. The amendment requiring delivery or mailing to each party *in addition to* his attorney indicates the Legislature's acknowledgment that timely and adequate notice is ensured only where complete mailings are made to both the attorneys and the parties.

The decision of the Clallam County Superior Court is reversed on the merits. The Clallam County action is dismissed without prejudice. Leson is granted leave to proceed in King County.

ALEXANDER, C.J., and PETRICH, J., concur.