[No. 18430-3-II.   Division Two.   April 5, 1996.]
FELIDA NEIGHBORHOOD ASSOCIATION, ET AL.,
*Appellants*, v. CLARK COUNTY, ET AL., *Respondents*.

---

156

*Gregory G. Lutje*, for appellants.

*Arthur D. Curtis, Prosecuting Attorney*, and *Richard S. Lowry, Deputy*; and *Stephen O. Kenyon* and *Stoel Rives Boley Jones & Grey*, for respondents.

BRIDGEWATER, J. — The Felida Neighborhood Association, Carol Scholz, and Charlotte Coffey (Association)[1] appeal a superior court dismissal of their application for a writ of review and writ of prohibition. The Association challenged a Clark County Board of Commissioners' (Board) decision approving a developer's application for a sizable subdivision. The dismissal was premised on an untimely filing. We hold that notice of the Board's final decision triggers the period for a timely appeal. Clark County's (County) failure to comply with its own official notice requirements tolls the time for filing an application for a writ of review in superior court. We reverse.

Roger and Barbara Snoey applied for preliminary plat approval of "Ashley Heights," wanting to subdivide 116 acres into about 200 lots. The County determined that Ashley Heights would have a probable significant adverse environmental impact, and mandated that an Environmental Impact Statement (EIS) be prepared in support of the review process. Eventually, a final EIS (FEIS) was issued. A public hearing was held before a Clark County Land Use Hearing Examiner concerning the Snoeys' application. The examiner conditionally approved the plat application, limiting the development to 114 lots until a new access road was constructed. Parties of record, including the Association, were mailed the examiner's decision on February 25, 1992.

The Snoeys appealed the examiner's decision and the adequacy of the FEIS to the Board. The Board held its last public hearing on the matter on February 4, 1993. At the conclusion of the February 4, 1993, meeting, the Board issued an oral decision, memorialized in its March 10, 1993, resolution (No. 1993–03–09).[2] The resolution states in relevant part that "[t]he Board finds that the limitation on the maximum number of residential lots permitted by the

---

[1]Felida is the area of the development. Scholz and Coffey live in the vicinity of the proposed development.

[2]The Snoeys refer mistakenly to the date of the written resolution as March 19, 1993.

Examiner's decision, 114, is not supported by county code." The Board ordered deleted that portion of the examiner's decision limiting development until an additional access road was constructed. Scholz and Coffey may have been present at the February 4, 1993, meeting. Thereafter, the County did not issue an official notice of its decision in violation of its own ordinance.

A letter from the County to Coffey dated July 26, 1993, indicates that the Board's action in March of 1993 was the "final Board Action" on the subdivision and that the period for commencing a judicial appeal had expired. Attached to the letter was allegedly a copy of the final board action.

Approximately nine months after the Board issued its March 10, 1993, resolution removing the limiting condition that a new access road be constructed, the Association filed its application for writs of certiorari and prohibition, challenging the Board's decision.[3] Both parties agree that, for purposes of establishing when time limits for an appeal might have begun to run, the March 10, 1993, Board decision is the relevant final decision or underlying government action. The superior court dismissed the application as untimely because it had been filed more than 30 days after the Board's decision.

Proper review of the issue requires understanding the interplay between the appeal process provided in the State Environmental Policy Act (SEPA) statute in effect at the time these events occurred (former RCW 43.21C.075 (Laws of 1983, ch. 117, § 4)), the administrative rules interpreting the statute (WAC 197-11-680), and two Clark County codes. The county codes in question are Clark County Code (CCC) § 2.51.170 and CCC § 20.50.030(5).

SEPA provides a contingent time limit (30 days) for

---

[3]The Association applied for a writ of certiorari, pursuant to RCW 7.16.040, and a writ of prohibition, pursuant to RCW 7.16.290, claiming that the County's proceedings were in violation of "all applicable codes and laws and [were] clearly erroneous, arbitrary, capricious and . . . in violation of [Clark County Code] and SEPA substantive and procedural requirements." A writ of review is synonymous with a writ of certiorari. RCW 7.16.030.

seeking judicial review, which applies only if another statute or ordinance specifically imposes a time limit for seeking judicial review of the underlying action. *State ex rel. Friend & Rikalo Contractor v. Grays Harbor County*, 122 Wn.2d 244, 252, 857 P.2d 1039 (1993).[4]

CCC § 2.51 prescribes the local time limit for seeking judicial review of the underlying action:

> The action of the board in approving or rejecting a decision of the examiner shall be final and conclusive unless within thirty (30) days from the date of such action an aggrieved party obtains a writ of certiorari from the Clark County Superior Court for the purpose of review of the action taken: PROVIDED, that no person having actual prior notice of the proceedings of the examiner or board shall have standing to challenge the board's action unless such person was a party of record at the examiner's hearing.

CCC § 2.51.170.

I

The Association contends that local time limits under the Clark County Code do not begin to run until the County has given official notice of its approval. Its contention is based on the following:

> The County shall give official notice under WAC 197-11-680(5) whenever it issues a permit or approval for which a statute or ordinance establishes a time limit for commencing judicial appeal.

CCC § 20.50.030(5). WAC 197-11-680(1) in pertinent part:

> These rules attempt to construe and interpret the statu-

---

[4]The Legislature has removed the 30-day contingent time period. RCW 43.21C.075(5)(a) now reads: "If there is a time period for appealing the underlying governmental action, appeals under this chapter shall be commenced within such time period. The agency shall give official notice stating the date and place for commencing an appeal."

The optional time limit provision, RCW 43.21C.080's "notice of action," was not activated in this case and, therefore, does not apply. Former RCW 43.21C.075(5).

tory provisions [RCW 43.21C.060, 43.21C.075 and 43.21C.080]. In the event a court determines that these rules are inconsistent with statutory provisions, or with the framework and policy of SEPA, the statute will control. . . .

WAC 197-11-680(4) states in pertinent part:

(c) If there is a time limit established by statute or ordinance for appealing the underlying governmental action, then appeals (or portions thereof) raising SEPA issues must be filed within thirty days after the agency gives official notice (see subsection (5) of this section for content of official notice).

WAC 197-11-680(5) requires that the official notice contain time limits for commencing an appeal, including an appeal of SEPA issues. It states in pertinent part that

(b) Notice is given by:

(i) Delivery of written notice to the applicant, all parties to any administrative appeal, and all persons who have requested notice of decisions with respect to the particular proposal in question; and

(ii) Following the agency's normal methods of notice for the type of governmental action taken.

WAC 197-11-680(5). Subsections (4) and (5) of WAC 197-11-680(5) flesh out the requirements of former RCW 43.21C.075(5)(a):

If there is a time period for appealing the underlying governmental action, appeals under this chapter shall be commenced within thirty days. The *agency shall give official notice* stating the date and place for commencing an appeal. . . .

(Emphasis added.)

The Snoeys contend the superior court lacked subject matter jurisdiction to consider SEPA issues because the Association failed to timely appeal the County's underlying governmental action. This is not the issue. The County failed to give official notice of its underlying governmental

action in violation of its own ordinance. *See* CCC § 20.50.030(5). The SEPA and non-SEPA issues were already linked by the County's action. Thus, the issue on this appeal is whether the County's failure to give notice of its underlying governmental action, namely, approval or rejection of the hearing examiner's decision, tolls the time for applying for a writ of review in superior court.

■ Where statutorily-prescribed adequate notice of an administrative decision is integral to the process of invoking appellate jurisdiction, adequate notice is the statutorily required event that triggers the period for a timely appeal. *Leson v. Department of Ecology*, 59 Wn. App. 407, 410, 799 P.2d 268 (1990). Failure to satisfy the notice requirements of the statute is excused where substantial compliance resulted in full and adequate notice. *Leson*, 59 Wn. App. at 410-11 (citing *In re Saltis*, 94 Wn.2d 889, 621 P.2d 716 (1980)). In *Leson*, the Department of Ecology fined Leson after an oil tanker he piloted ran aground in Port Angeles Harbor. *Leson*, 59 Wn. App. at 408. The pertinent statute required that an application for review of the agency action "shall be served and filed *within 30 days after the service of the final decision of the agency.* Copies of the petition shall be served upon the agency and all parties of record." *Leson*, 59 Wn. App. at 409 (quoting former RCW 34.04.130(2)).[5] The Board mailed a copy of its final decision and order to Leson's attorney, but not to Leson. The superior court dismissed Leson's appeal for failure to serve the proper parties within the statutorily prescribed 30-day appeal period. *Leson*, 59 Wn. App. at 408-09. The opinion assumes that Leson did not receive a copy of the decision until after he specifically requested one be mailed to him. *Leson*, 59 Wn. App. at 409 n.2.

---

[5](LAWS OF 1967, ch. 237, § 6). Recodified at RCW 34.05.542(3). RCW 34.05.542(3) now states in pertinent part:

[B]ut the time is extended during any period that the petitioner did not know and was under no duty to discover or could not reasonably have discovered that the agency had taken the action or that the agency action had a sufficient effect to confer standing upon the petitioner to obtain judicial review under this chapter.

■ The *Leson* court held that the 30-day appeal period did not begin to run until the board mailed its final decision to the attorney of record *and* to the parties, noting that "[b]ecause invariably there is a time within which a petitioner must fulfill jurisdictional requirements, there is no principled basis for allowing an agency to do less than the statute requires it to do before that time begins to run." *Leson*, 59 Wn. App. at 410-11.

This case is analogous to *Leson*. The Board failed to give statutorily-prescribed official notice to the Association of its final decision and methods of appealing that decision. Without notice, a party in the Association's position would have a difficult time determining when the Board made a final decision, thus triggering the start of a 30-day time period within which to file an appeal.

Although it failed to give statutorily-prescribed official notice, the Board may have substantially complied with its notice requirements. However, it is impossible to determine from the record before this court whether the Board substantially complied, thus giving the Association full and adequate notice more than 30 days before the Association filed its application for judicial review.

The Snoeys argue that, even if the Board did fail to comply with its own ordinance, the Association's action should be barred by laches. The equitable doctrine of laches is the implied waiver arising from knowledge of existing conditions and acquiescence in them. *Buell v. City of Bremerton*, 80 Wn.2d 518, 522, 495 P.2d 1358 (1972). The incomplete record does not allow this court to independently address the laches issue.

We reverse and remand to superior court for a determination whether the Board substantially complied with its notice requirements more than 30 days before the Association filed its application, or whether the affirmative defense of laches bars the Association from appealing the Board's decision. If the superior court determines that neither substantial compliance nor laches bars the Associa-

tion from judicial review, the superior court shall review the merits of the Association's application.

## II

The Snoeys ask for attorney fees. Because the Association's appeal is not frivolous, attorney fees are denied. RAP 18.9(a).

We reverse and remand for proceedings consistent with this opinion.

MORGAN and TURNER, JJ., concur.

Review denied at 129 Wn.2d 1028 (1996).