[No. 26202-2-III.   Division Three.   June 5, 2008.]

KEEP WATSON CUTOFF RURAL, *Appellant*, v. KITTITAS COUNTY ET AL., *Respondents*.

32

*James C. Carmody* (of *Velikanje, Halverson, PC*) for appellant.

*Zera H. Lowe*; and *Robert G. Dodge* (of *Law Offices of Robert G. Dodge, PLLC*), for respondents.

¶1 THOMPSON, J.[*] — RCW 36.70C.070(4) requires a party filing a Land Use Petition Act (LUPA) petition to attach to the petition a copy of the decision being appealed. Here, the superior court dismissed Keep Watson Cutoff Rural's (KWCR) LUPA petition for noncompliance with this requirement. KWCR appeals, contending the superior court had jurisdiction to reach the merits of the petition because (1) KWCR attached copies of the decisions being appealed,

---

[*] Judge Philip J. Thompson is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

(2) the statutory content and form requirements under RCW 36.70C.070(4) do not divest the superior court of jurisdiction if not met, and (3) KWCR substantially complied with the requirements of RCW 36.70C.070(4). We conclude that RCW 36.70C.070(4) is a procedural requirement, not a jurisdictional threshold requirement. Accordingly, we reverse.

## FACTS

¶2 The Kittitas County Board of Commissioners (County) signed Resolution No. 2006-146 giving Pine View Estates LLC (Pine View) conditional approval to proceed with a cluster plot containing 14 lots. Approval was premised on the County's mitigated determination of nonsignificance (MDNS), which was issued in October 2006. On November 7, KWCR filed a LUPA petition in superior court for review of the County's issuance of the MDNS and its preliminary approval of the plat application. KWCR alleged there were three related proposed developments in the same entity and that Pine View had secured a favorable decision through misrepresentation and fraud, resulting in the County's failure to consider the cumulative effects of the proposed development.

¶3 KWCR served the statutorily required parties but apparently failed to attach copies of the County's MDNS and plat approval decisions to the petition filed at the county, as required under RCW 36.70C.070. The court received copies of all other pages of the attachments. However, the body of the petition referenced the two challenged land use decisions. The County filed a motion to dismiss, arguing that KWCR failed to meet the jurisdictional requirements of LUPA under RCW 36.70C.040 and .070 when it failed to attach to its petition a copy of the plat approval and the MDNS. In support of its motion, the County filed an affidavit from its auditor stating that the office received the petition, but no attachments. Pine View joined the motion to dismiss.

¶4 At the hearing on the motion, KWCR responded that the failure to attach copies of the land use decisions was not a jurisdictional defect. It also questioned the veracity of the county auditor. It submitted an affidavit from Dawn Leite stating that she personally served the County records deputy auditor by leaving with her "a true and correct copy of a Summons directed at Kittitas County and a duplicate original of Petition for Review of Land Use Decision." Clerk's Papers (CP) at 163. However, the affidavit did not indicate whether the required documents were attached.

¶5 The superior court ultimately granted the motion to dismiss, concluding it lacked jurisdiction based on KWCR's failure to comply with LUPA service provisions. In a letter ruling, the court wrote:

> Kittitas County is an indispensable party. RCW 36.70C.040. Petitioners were required to substantially comply with the statute to properly join the county as a party. Without the county this is not a valid LUPA petition. Petitioners failed to substantially comply with the statute. The county was not properly joined as a party. Consequently, the petition is not a valid LUPA petition.

CP at 15.

¶6 KWCR appeals.

## ANALYSIS

¶7 The dispositive issue before us is whether KWCR's failure to attach copies of the County's two land use decisions to its LUPA petition is a defect divesting the superior court of jurisdiction to review the petition. When reviewing a superior court's decision on a land use petition, this court stands in the same position as the superior court. *Lakeside Indus. v. Thurston County*, 119 Wn. App. 886, 893, 83 P.3d 433 (2004). Jurisdictional issues and questions of statutory interpretation are questions of law subject to de novo review. *Conom v. Snohomish County*, 155 Wn.2d 154, 157, 118 P.3d 344 (2005); *Reeves v. City of Wenatchee*, 130 Wn. App. 153, 155-56, 121 P.3d 777 (2005).

■ ■ ¶8 An appeal from an administrative tribunal invokes the appellate jurisdiction of the superior court. The parties agree that all statutory procedural requirements must be met before the superior court's appellate jurisdiction is properly invoked. *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 554, 958 P.2d 962 (1998); *Overhulse Neighborhood Ass'n v. Thurston County*, 94 Wn. App. 593, 597, 972 P.2d 470 (1999). The parties also agree that a petitioner under LUPA must strictly comply with statutory filing and service requirements under RCW 36.70C.040. However, they disagree whether a petition's content requirements under RCW 36.70C.070 are jurisdictional or procedural.

¶9 RCW 36.70C.040 provides in part:

(1) Proceedings for review under this chapter shall be commenced by filing a land use petition in superior court.

(2) A land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served . . . .

¶10 RCW 36.70C.070(1)-(9) sets out the nine required elements of a land use petition. The one at issue here is contained in subsection (4), which provides in part that a petition must set forth a "duplicate copy of the decision." As indicated, the trial court found that these content guidelines are jurisdictional, and therefore KWCR's failure to attach to its petition copies of the decisions being appealed constituted a total failure of service, depriving it of appellate jurisdiction.

¶11 The County and Pine View agree with the trial court's decision, arguing that a party must strictly comply with LUPA's filing and service requirements, including the petition's contents. They point out that a "land use petition" is a statutorily defined term under RCW 36.70C.070 and KWCR's failure to comply with these statutory content requirements "renders service of that defective document void." Br. of Resp't Pine View Estates at 18. They assert this total failure of timely service mandates dismissal of the appeal for lack of superior court jurisdiction.

¶12 KWCR argues that the form and content requirements of RCW 36.70C.070 are not jurisdictional. Rather, jurisdiction rests upon the timely service and filing of a petition, which was done in this case. It contends that it is improper to extend jurisdictional status to content requirements, pointing to cases that distinguish between filing requirements and other procedural requirements. Finally, it argues that because it referenced the land use decisions in the body of the petition, it substantially complied with LUPA's procedural requirements.

¶13 At the outset, we note the absence of case law addressing the precise issue before us. However, cases interpreting other sections of LUPA support KWCR's position. As discussed below, one rule that emerges from the case law is that while filing and service requirements under LUPA are considered jurisdictional prerequisites, other procedural requirements are not.

¶14 For example, in *Overhulse*, Division Two of this court held that strict compliance with LUPA service provisions is required to invoke jurisdiction. *Overhulse*, 94 Wn. App. at 597-98. In that case, the petitioners failed to serve a LUPA petition on the county auditor as required by statute. The trial court granted the county's motion to dismiss based on improper service. On appeal, the petitioners argued that they substantially complied with the "spirit" of LUPA's service requirements by serving the county board of commissioners and that proceeding to a hearing would not prejudice the other parties. *Id.* at 598.

¶15 The court rejected their arguments, concluding that the doctrine of substantial compliance does not apply to LUPA's service and filing requirements because "LUPA provides unequivocal directives" regarding such requirements. *Id.* at 599. In reaching this conclusion, the court cited *San Juan Fidalgo Holding Co. v. Skagit County*, 87 Wn. App. 703, 713, 943 P.2d 341 (1997), where Division One of this court affirmed the trial court's dismissal of a LUPA appeal because attempted service of the LUPA petition occurred 20 minutes after the auditor's office closed.

Thus, under these cases, filing deadlines and service on the proper parties are jurisdictional requirements. *See also Witt v. Port of Olympia*, 126 Wn. App. 752, 756, 109 P.3d 489 (2005) (service of LUPA petition on an intern rather than the statutorily required person divested the superior court of jurisdiction because the service requirements of RCW 36.70C.040(5) require strict compliance).

¶16 Conversely, when filing and service deadlines are not at issue, the doctrine of substantial compliance applies. *See* 14 KARL B. TEGLAND, WASHINGTON PRACTICE: SERVICE OF PROCESS § 8.2 (1st ed. Supp. 2006) ("Although the courts have rigorously enforced the statutes governing the manner of service, the courts have been relatively lenient with respect to the form and content of the summons." (footnote omitted)). For example, in *Quality Rock Products, Inc. v. Thurston County*, 126 Wn. App. 250, 266-67, 108 P.3d 805 (2007), *review denied*, 163 Wn.2d 1018 (2008), LUPA petitioners failed to identify a party in the petition's caption, as statutorily required. The trial court dismissed the petition for lack of jurisdiction. On appeal, the petitioners argued that they complied with LUPA's statutory procedural requirements because the body of the petition identified the necessary party. The County responded that RCW 36.70C.040 requires strict compliance and that the petitioners' caption failed this test. *Id.* at 268.

¶17 Division Two of this court reversed, concluding the trial court erred in dismissing the petition based on a defective caption when the petition was properly and timely served and the body of the petition clearly identified the required party. *Id.* at 272. It stated, "A formalistic error in the land use petition's caption should not serve as the sole basis to deny review of land use actions under RCW 36.70C.040." *Id.* at 271.

¶18 The same year as *Quality Rock*, the Washington Supreme Court addressed whether a superior court is divested of jurisdiction to hear a LUPA petition if a party fails to timely note a hearing within seven days of serving the petition as required under RCW 36.70C.080(1). *Conom*,

155 Wn.2d 154. In *Conom,* the trial court dismissed a LUPA petition for lack of jurisdiction for failure to follow RCW 36.70C.080(1). In concluding this requirement was procedural rather than jurisdictional, the court noted that RCW 36.70C.080(1) is simply a scheduling statute, not a procedure required to invoke jurisdiction. *Id.* at 162. The court reasoned:

> [U]nlike RCW 36.70C.040, the statute does not state that a land use petition is barred if a party fails to note the initial hearing within seven days. . . . [W]e will not elevate this procedural requirement, even though it is a statutory procedural requirement, to a jurisdictional threshold requirement.

*Id.*

¶19 Like *Conom* and *Quality Rock,* this case does not involve issues of timely or proper service. KWCR strictly complied with LUPA's service and filing requirements—there is no question that the correct parties were timely served. But these requirements are distinct from the content and form requirements under RCW 36.70C.070. Because of this clear distinction, we conclude that the elements of a LUPA petition, even though statutorily required, are not jurisdictional requirements that divest a superior court of jurisdiction if not met. Our conclusion is reinforced by RCW 36.70C.070, which does not state that a petition is barred if a party fails to comply with its requirements. Further, our conclusion is consistent with the legislative purpose of LUPA, which is to establish consistent, predictable, and timely review. RCW 36.70C.010.

¶20 We also conclude that KWCR, in the body of the petition, substantially complied with statutory content requirements by clearly identifying and summarizing the two land use decisions being appealed. And it strictly complied with the other eight requirements under RCW 36.70C.070. KWCR's failure to attach copies of the land use decisions to its petition does not divest the superior court of jurisdiction to hear the petition.

## CONCLUSION

¶21 For the reasons stated, we reverse.

KULIK, A.C.J., and KORSMO, J., concur.

Review denied at 165 Wn.2d 1013 (2009).