223 P.3d 1172 (2009)
153 Wash.App. 366
George C. NICKUM, Jr. and Margaret D. Nickum, Husband and Wife, David M. Snedeker and Bonnie Snedeker, Husband and Wife, Appellants,
v.
CITY OF BAINBRIDGE ISLAND, a Washington Municipal Corporation, Verizon Wireless (VAW) LLC, a Delaware Limited Liability Company, Seattle SMSA Limited Partnership, a Delaware Limited Partnership, Jeffry E. Powers and Deborah Haase, Husband and Wife, and Puget Sound Energy, Inc., a Washington Corporation, Respondents.
No. 38217-2-II.
Court of Appeals of Washington, Division 2.
November 24, 2009.
As Amended December 8, 2009.
*1174 George Cunningham Nickum, Jr., Attorney at Law, Bainbridge Island, WA, for Appellant(s).
Michael Charles Walter, Keating Bucklin McCormack Inc., PS, Charles Edward Maduell, Nigel P. Avilez, Davis Wright Tremaine LLP, Seattle, WA, Rod Paul Kaseguma, Rosemary Anne Larson, Attorneys at Law, Bellevue, WA, for Respondent(s).
VAN DEREN, C.J.
¶ 1 George C. Nickum, Jr., Margaret D. Nickum, David M. Snedeker, and Bonnie Snedeker (collectively, the Nickums) filed a Land Use Petition Act (LUPA)[1] action on January 22, 2008, challenging a City of Bainbridge Island (City) decision to allow Verizon Wireless LLC (Verizon) to "construct a wireless communication facility on a Puget Sound Energy pole" on a neighbor's parcel. Before their LUPA action, the Nickums had filed an administrative appeal with a City hearing examiner in January 2008. The hearing examiner rejected their appeal on jurisdictional grounds because it was not filed within 14 days of the City's initial September 2007 decision to allow the construction. The trial court dismissed the Nickums' LUPA action for lack of standing and lack of jurisdiction.
¶ 2 We affirm the dismissal. By filing a late administrative appeal, the landowners failed to exhaust administrative remediesa requirement for LUPA standingand the record does not support extending the administrative time limits under the doctrine of equitable tolling. The failure to correctly exhaust administrative remedies, in turn, means that the Nickums failed to meet the requirements that allow them to avail themselves of the superior court's LUPA jurisdiction when an action is filed within 21 days of the final land use decision, here, the City's September 2007 decision to allow the construction.

FACTS[2]
¶ 3 The Nickums own property on Bainbridge Island, Washington. Jeffry Powers and Debra Haase also own property on Bainbridge Island and leased a parcel to Verizon for the purpose of installing a utility pole with antennas and an equipment building.
¶ 4 In December 2006, Verizon applied to the City for a building permit to install the utility pole and building at issue in this appeal. The application stated that the permit was exempt from State Environmental Policy Act (SEPA)[3] review under RCW 43.21C.0384 because Verizon would attach the antennas to an existing structure.[4] RCW 43.21C.0384(1)(a)(i). The City approved the SEPA exemption and issued the permit on September 14, 2007. Neither the City nor Verizon issued notice to the Nickums of the application, the SEPA exemption approval, or the permit approval.
¶ 5 On October 30, 2007, David Snedeker noticed work being done on the Powers and Haase parcel and learned about the permit. Nine days later, on November 8, 2007, the Nickums filed an appeal with the City hearing examiner, challenging the City's issuance of the building permit and challenging the SEPA exemption.
¶ 6 Verizon moved to dismiss the appeal as untimely. On January 3, 2008, the hearing examiner granted the dismissal motion, reasoning that the City of Bainbridge Island *1175 Municipal Code (BIMC) requires an appeal of an administrative land use decision to be "`filed with the City Clerk 14 days after the date of the decision or 21 days if the land use decision requires a SEPA threshold comment period.'" Clerk's Papers (CP) at 15 (quoting BIMC § 2.16.130). The hearing examiner found that the parties filed the appeal against Verizon "more than 50 days after the issuance of the subject permit." CP at 15. The examiner affirmed this ruling on reconsideration on January 14, 2008, stating, "In order for the Hearing Examiner to have jurisdiction to hear and decide an appeal, it must be timely filed.... [T]his appeal was not timely filed and it was correctly dismissed." CP at 16.
¶ 7 The Nickums filed a LUPA action in superior court on January 22, 2008, 19 days after the hearing examiner dismissed their appeal. The LUPA petition alleged that: (1) the City erred in concluding that Verizon was categorically exempt from SEPA regulation; (2) the permit violated the BIMC because it did not include height and set-back restrictions, Federal Communications Act[5] compliance requirements, or screen or camouflage requirements; and (3) the lack of notice violated due process. With respect to notice, the Nickums alleged:
The inability of the [Nickums] to file an appeal within 14 days of the issuance of the building permit in this case was a result of the City of Bainbridge Island and Verizon Wireless claiming categorical exempt status under SEPA and therefore failing to give the notice required to the [Nickums] under SEPA.
CP at 9. The trial court, ruling on Verizon's CR 12(b)(6) motion, dismissed the matter with prejudice for lack of standing and lack of jurisdiction.
¶ 8 The Nickums appeal.

ANALYSIS

I. Standing and Access to the Superior Court's LUPA Jurisdiction
¶ 9 The Nickums argue that the trial court erred when it dismissed their LUPA action for lack of standing and lack of jurisdiction. We disagree.

A. Standard of Review
¶ 10 Where the facts are not at issue, we review de novo rulings to dismiss for lack of jurisdiction under CR 12(b)(1) and for failure to state a claim under CR 12(b)(6). Wells v. Olsten Corp., 104 Wash.App. 135, 139, 15 P.3d 652 (2001). Moreover, in matters involving undisputed facts in LUPA actions, we independently review the agency record. Twin Bridge Marine Park, LLC v. Dep't of Ecology, 162 Wash.2d 825, 834, 175 P.3d 1050 (2008).

B. LUPA Summary and Relevant Dates
¶ 11 LUPA "provides the `exclusive means of judicial review' of land use decisions." Samuel's Furniture, Inc. v. Dep't of Ecology, 147 Wash.2d 440, 449, 54 P.3d 1194 (2002) (quoting RCW 36.70C.030(1)). A "`[l]and use decision'" is a "final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals." RCW 36.70C.020(1).
¶ 12 LUPA requires that, in order to create standing to challenge a land use action, a petitioner must first exhaust available administrative remedies. RCW 36.70C.060(2)(d). BIMC section 2.16.130(B)(1) requires parties to administratively appeal a land use decision within 14 days. Further, RCW 36.70C.040 requires a petitioner to file a LUPA action within 21 days of a land use decision. RCW 36.70C.040(3). "A land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served on the following persons who shall be parties to the review of the land use petition: [listing parties]." RCW 36.70C.040(2)(a), (b), (c), (d). It is undisputed that the Nickums filed an appeal with the hearing examiner 50 days after the September 14, 2007, land use decision. The hearing examiner rejected the appeal for lack of timely filing on January 3, 3008. The Nickums then filed the LUPA action on January 22, 2008.
*1176 ¶ 13 The Nickums argue that the principle of equitable tolling applies, extending their filing period. They maintain that, because "there was nothing to alert [them]" that Verizon was contemplating the addition, the time for appeal should not begin to run until the date they first realized the permit was approved, on October 30, 2007. Br. of Appellants at 6. They add that the City's "intentional[]" decision to exempt Verizon from SEPA requirementswhich, if applied, would have required noticecontrary to the content of Verizon's building permit application further counsels in favor of tolling their appeal period.

C. Administrative Appeal: Exhaustion and Standing
¶ 14 LUPA petitioners must first exhaust administrative remedies to have standing to maintain a LUPA action in superior court. RCW 36.70C.060(2)(d).
The [exhaustion] doctrine is founded on the principle that the judiciary should give proper deference to that body possessing expertise in areas outside the conventional experience of judges, so that the administrative process will not be interrupted prematurely, so that the agency can develop the necessary factual background on which to reach its decision, so that the agency will have the opportunity to exercise its expertise and to correct its own errors, and so as not to encourage individuals to ignore administrative procedures by resorting to the courts prematurely.
Phillips v. King County, 87 Wash.App. 468, 479-80, 943 P.2d 306 (1997), aff'd, 136 Wash.2d 946, 968 P.2d 871 (1998); see also Harrington v. Spokane County, 128 Wash.App. 202, 209-10, 114 P.3d 1233 (2005). It is undisputed that the Nickums failed to comply with the 14 day deadline for appealing a land use decision in the administrative context.

1. SEPA Exemption Decision
¶ 15 As a preliminary matter, we consider Verizon's argument that the City's SEPA decision was not subject to administrative review by the hearing examiner.[6] Verizon argues that "[u]nlike the building permit decision, the SEPA exemption decision was not appealable to the Hearing Examiner" because the SEPA rules dictate that the City "may only allow administrative appeals of two types of agency decisions: (1) a final threshold determination ... and (2) a final environmental impact statement." Br. of Resp't at 7 n. 3 (citing WAC 197-11-680(3)(a)(iii)). We agree with Verizon that the SEPA decision was not subject to administrative appeal, but we base our decision on a different section of the Washington Administrative Code.
¶ 16 Subsection 2 of WAC 197-11-680 states that "RCW 43.21C.060 allows an appeal to a local legislative body of any decision by a local nonelected official conditioning or denying a proposal under authority of SEPA. Agencies may establish procedures for such an appeal, or may eliminate such appeals altogether, by rule, ordinance or resolution."[7] WAC 197-11-680(2); see also 24 Timothy Butler & Matthew King, Washington Practice: Environmental Law and Practice § 17.52, at 219-20 (2007). Here, the City has chosen to eliminate such appeals. BIMC section 16.04.080(A) specifically states, "The [C]ity's determination that a proposal is exempt [from SEPA] shall be final and not subject to administrative review."
¶ 17 Because the City's determination that Verizon's permit was exempt from SEPA is "not subject to administrative review" and because the determination was a land use decision as defined under RCW 36.70C.020(1), the Nickums were required to appeal directly to the superior court through a LUPA action within 21 days of the SEPA exemption. RCW 36.70C.020(1)(b), .040(3). Therefore, the remainder of this subsectionexplaining exhaustion of administrative *1177 remediesapplies only to the Nickums' non-SEPA claims.

2. Non-SEPA Claims
¶ 18 "Exhaustion of administrative remedies is a prerequisite to obtaining a decision that qualifies as a decision reviewable under LUPA." Stanzel v. Pierce County, 150 Wash.App. 835, 841, 209 P.3d 534 (2009). This requirement includes complying with administrative time-of-filing requirements. See Ward v. Bd. of Skagit County Comm'rs, 86 Wash.App. 266, 271-72, 936 P.2d 42 (1997). In Ward, "[t]he Wards failed to file a timely appeal with the Board and did not obtain a final determination of the Board on their applications. Consequently, they failed to exhaust their administrative remedies and failed to obtain a `land use decision' subject to judicial review under LUPA." Ward, 86 Wash.App. at 272, 936 P.2d 42.
¶ 19 But a limited exception to the administrative time-of-filing requirement exists. "The failure to file a timely appeal of a land use decision has been excused where the lack of public notice deprived a neighboring landowner of a fair opportunity to participate in the administrative process." Prekeges v. King County, 98 Wash.App. 275, 281, 990 P.2d 405 (1999). This exception mirrors the equitable tolling argument presented by the Nickums that lack of any required notice made it impossible for them to participate earlier in the administrative process.
¶ 20 Verizon responds that jurisdictional time limits are not subject to tolling and that the hearing examiner correctly ruled that the BIMC's 14 day limit was jurisdictional and deprived the administrative body of the ability to hear the Nickums' appeal. Verizon is correct that the doctrine of equitable tolling applies to statutes of limitations and not to jurisdictional time limits. But to determine whether a time limit is jurisdictional, we must examine the legislative intent as expressed in the statutory language. In re Pers. Restraint of Hoisington, 99 Wash.App. 423, 431, 993 P.2d 296 (2000).
¶ 21 For example, Hoisington found the lack of the term "jurisdiction" in controlling statutes relevant in concluding that the time limitation was a statute of limitations and not jurisdictional. It also noted that, because "the statute affirmatively separated the time limitation provision from a section that dealt with jurisdiction," the legislature's intent was for the time limit to serve as a statute of limitations and not a jurisdictional limit. Hoisington, 99 Wash.App. at 431, 993 P.2d 296.
¶ 22 Here, BIMC section 2.16.130(B)(1) requires appeal to the hearing examiner within 14 days following the City's decision to issue a permit. The City's hearing examiner rules add that "[t]o be considered timely filed, an appeal must be received... no later than the last day of the appeal period." CP at 15 (quoting City of Bainbridge Island, Rules of Procedure for Proceedings before the Hearing Examiner ch. III, § 3, rule 3.2). The hearing examiner rules do not indicate that the time limit for appeals to the hearing examiner is jurisdictional. And, the time limit provision in BIMC section 2.16.130(B)(1) is separate from any jurisdictional section of the rules. Because the 14 day time limit is a statute of limitations and not jurisdictional,[8] we must determine whether equitable tolling is warranted with regard to the Nickums' non-SEPA issues.
¶ 23 In a case such as this, with undisputed facts, we conduct an independent review of the agency record. Twin Bridge Marine Park, 162 Wash.2d at 834, 175 P.3d 1050. We have the ability to independently determine whether to excuse a land use petitioner's failure to exhaust administrative remedies due to insufficient notice or another recognized exception. See Gardner v. Pierce County Bd. of Comm'rs, 27 Wash.App. 241, 243-44, 617 P.2d 743 (1980); see also Citizens for Clean Air v. City of Spokane, 114 Wash.2d 20, 28-29, 785 P.2d 447 (1990); South Hollywood Hills Citizens Ass'n for Pres. of Neighborhood Safety & Env't v. *1178 King County, 101 Wash.2d 68, 74, 677 P.2d 114 (1984).
¶ 24 A court may toll the statute of limitations when justice requires such tolling but it must use the doctrine sparingly. State v. Duvall, 86 Wash.App. 871, 875, 940 P.2d 671 (1997); Finkelstein v. Sec. Props., Inc., 76 Wash.App. 733, 739-40, 888 P.2d 161 (1995). Narrow application of the equitable tolling doctrine is consistent with LUPA's overall purpose, which seeks to create "uniform, expedited appeal procedures and uniform criteria" for handling land use challenges. RCW 36.70C.010. The party asserting that equitable tolling should apply bears the burden of proof. See Benyaminov v. City of Bellevue, 144 Wash.App. 755, 767, 183 P.3d 1127 (2008), review denied, 165 Wash.2d 1020, 203 P.3d 378 (2009). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." Millay v. Cam, 135 Wash.2d 193, 206, 955 P.2d 791 (1998). "Assuming that a failure to exhaust administrative remedies can be cured through the application of equity, equity cannot be invoked in the absence of bad faith on the part of the defendant and reasonable diligence on the part of the plaintiff." Prekeges, 98 Wash.App. at 283, 990 P.2d 405.
¶ 25 The Nickums do not allege that Verizon engaged in deception in gaining permit approval. In fact, their complaint makes clear that Verizon's application correctly stated it would "install antennas on a new 45 foot high pole, which would replace an existing 30 foot utility pole." CP at 5.
¶ 26 We hold that a mere allegation that the City incorrectly applied SEPA is insufficient to toll the administrative statute of limitations. Millay, 135 Wash.2d at 206, 955 P.2d 791. To allow tolling of the administrative deadline in this case would open to challenge all previous permit determinations made by the City or similar localities with "no notice" permit statutes. This would ensure that the doctrine would no longer be used "sparingly." Duvall, 86 Wash.App. at 875, 940 P.2d 671.
¶ 27 The cases on which the Nickums rely are inapposite. In both Felida Neighborhood Ass'n v. Clark County, 81 Wash.App. 155, 913 P.2d 823 (1996) and Leson v. Dep't of Ecology, 59 Wash.App. 407, 799 P.2d 268 (1990) the bodies issuing the disputed permits failed to comply with clearly applicable statutory notice requirements. Felida Neighborhood Ass'n, 81 Wash.App. at 157, 160-61, 913 P.2d 823; Leson, 59 Wash.App. at 408-10, 799 P.2d 268. Here, the Nickums argue that the City failed to comply with statutory notice requirements applicable to the type of permit the landowners contend the City should have issued, i.e., that SEPA did apply to Verizon's request.
¶ 28 Consequently, the Nickums failed to satisfy the standing requirement of RCW 36.70C.060(2)(d) because we should not excuse their failure to exhaust administrative remedies. Thus, the trial court correctly concluded that their LUPA action could not continue based on equitable tolling of the time limit for an administrative appeal to the hearing examiner.

D. LUPA Filing: Access to the Court's LUPA Jurisdiction[9] and Timeliness
¶ 29 We separately address LUPA filing timelines since they fall under different statutory sections, i.e., RCW 36.70C.060(2)(d) and RCW 36.70C.040(2). See Twin Bridge Marine Park, 162 Wash.2d at 854 n. 36, 175 P.3d 1050; Habitat Watch v. Skagit County, 155 Wash.2d 397, 410 n. 8, 120 P.3d 56 (2005).
¶ 30 Verizon argues that the Nickums failed to file their LUPA action challenging *1179 the permit issuance and the SEPA exemption determination within 21 days of the permit issuance date, thus the trial court did not have jurisdiction to hear the matter. The Nickums again argue that, even if the 21 day filing period started to run when the permit issued, on September 14, 2007, the period should be equitably tolled due to lack of notice.
¶ 31 RCW 36.70C.040(3) requires a petitioner to file a LUPA action within 21 days of a "land use decision." It adds that "the court may not grant review, unless the petition is timely filed with the court and timely served." RCW 36.70C.040(2). A "land use decision" is defined as "a final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals." RCW 36.70C.020(1). If a decision is not timely appealed, then the agency's initial decision is final. Twin Bridge Marine Park, 162 Wash.2d at 854-55, 175 P.3d 1050. Therefore, a hearing examiner's denial of an untimely administrative appeal is not a land use decision for purposes of the LUPA 21 day time limit and the Nickums were required to file their LUPA appeal within 21 days of the only final determination: the issuance of the original permit.[10]See Twin Bridge Marine Park, 162 Wash.2d at 853-55, 175 P.3d 1050; Ward, 86 Wash.App. at 272, 936 P.2d 42.
¶ 32 The Nickums argue that the LUPA deadline may be equitably tolled and that the facts of their case warrant application of the equitable tolling doctrine. The LUPA deadline controls access to the trial court's jurisdiction over LUPA appeals, unlike the 14 day administrative statute of limitations previously discussed with respect to standing, and, thus, cannot be equitably tolled. Hoisington, 99 Wash.App. at 431, 993 P.2d 296. RCW 36.70C.040(2) clearly states that "[a] land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served." Although the statute does not use the word "jurisdiction," the legislature's use of the phrases "is barred" and "may not grant review" demonstrate the legislature's intent to prevent a court from considering untimely filings.
¶ 33 This view is also consistent with LUPA's stated purpose:
The purpose of this chapter is to reform the process for judicial review of land use decisions made by local jurisdictions, by establishing uniform, expedited appeal procedures and uniform criteria for reviewing such decisions, in order to provide consistent, predictable, and timely judicial review.
RCW 36.70C.010. Numerous opinions confirm that the 21 day LUPA deadline is absolute. See Habitat Watch, 155 Wash.2d at 406-07, 120 P.3d 56; Chelan County v. Nykreim, 146 Wash.2d 904, 932-33, 52 P.3d 1 (2002); Spice v. Pierce County, 149 Wash.App. 461, 467, 204 P.3d 254 (2009); Keep Watson Cutoff Rural v. Kittitas County, 145 Wash.App. 31, 37-38, 184 P.3d 1278 (2008), review denied, 165 Wash.2d 1013, 199 P.3d 410 (2009). Habitat Watch, for example, states:
LUPA's stated purpose is "timely judicial review." It establishes a uniform 21-day deadline for appealing the final decisions of local land use authorities and is intended to prevent parties from delaying judicial review at the conclusion of the local administrative process.... [O]nce a party has had a chance to challenge a land use decision and exhaust all appropriate administrative remedies, a land use decision becomes unreviewable by the courts if not appealed to superior court within LUPA's specified timeline.
155 Wash.2d at 406-07, 120 P.3d 56 (citations omitted). Keep Watson Cutoff Rural adds that LUPA "filing deadlines and service on the proper parties are jurisdictional requirements." 145 Wash.App. at 38, 184 P.3d 1278.
¶ 34 The LUPA time-of-filing requirements control access to the superior court's substantive review of any LUPA decision and the failure to timely file an appeal prevents *1180 court access for such review; thus, the Nickums' arguments urging equitable tolling cannot be considered. Consequently, the trial court did not err in concluding that the Nickums could not avail themselves of the court's jurisdiction over LUPA actions.[11]

E. Due Process
¶ 35 The Nickums also argue that failing to allow them to proceed with the LUPA action deprives them of due process. But LUPA time limits also apply to due process claims. Asche v. Bloomquist, 132 Wash.App. 784, 798, 133 P.3d 475 (2006), review denied, 159 Wash.2d 1005, 153 P.3d 195 (2007). Consequently, the trial court properly dismissed the action.

II. ATTORNEY FEES
¶ 36 Verizon and the City both request fees under RCW 4.84.370, which provides in part:
(1) Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a ... building permit.... The court shall award and determine the amount of reasonable attorneys' fees and costs under this section if:
(a) The prevailing party on appeal was the prevailing or substantially prevailing party before the county, city, or town ...; and
(b) The prevailing party on appeal was the prevailing party or substantially prevailing party in all prior judicial proceedings.
(2) In addition to the prevailing party under subsection (1) of this section, the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal.
If a party receives a building permit and the decision is affirmed by two courts, they are entitled to fees under this statute. Habitat Watch, 155 Wash.2d at 413, 120 P.3d 56. "[P]revailing party" under the statute includes circumstances in which courts dismiss a LUPA action on jurisdictional grounds. San Juan Fidalgo Holding Co. v. Skagit County, 87 Wash.App. 703, 709, 713-15, 943 P.2d 341 (1997). Both Verizon and the City qualify as prevailing parties. Hence they are entitled to fees under RCW 4.84.370.
¶ 37 We affirm the trial court's decision dismissing the Nickums' claims and award attorney fees and costs to Verizon and the City as prevailing parties in an amount to be determined by our commissioner.
We concur: HOUGHTON and BRIDGEWATER, JJ.
NOTES
[1] Chapter 36.70C RCW.
[2] The parties agree the facts are not in dispute. Consequently, because this is an appeal of the trial court's grant of a motion to dismiss under CR 12(b)(6), we take the facts from the appellants' complaint and statement of the case.
[3] Chapter 43.21C RCW.
[4] The landowners argue that Verizon's permit stated that it would attach the antennas to a new structure and that the City's SEPA decision was, therefore, incorrect.

Under the City of Bainbridge Island Municipal Code, building and construction permits are exempt from public notice. § 2.16.085(G)(1). If SEPA applies, it requires that a "detailed statement" of the proposed action "be made available to ... the public." RCW 43.21C.030(2)(d). But the City's determination that SEPA did not apply to Verizon's proposal exempted Verizon from the SEPA notice requirements.
[5] 47 U.S.C. §§ 151-161.
[6] The Nickums do not address this assertion in their reply.
[7] RCW 43.21C.060 states, in relevant part, "Except for permits and variances issued pursuant to chapter 90.58 RCW, ... the decision shall be appealable to the legislative authority of the acting local governmental agency unless that legislative authority formally eliminates such appeals."
[8] The standing requirement in LUPA that refers to exhaustion also requires only that the petitioner exhaust remedies "to the extent required by law." RCW 36.70C.060(2)(d). This further indicates that absolute exhaustion without excuse is not a jurisdictional requirement.
[9] Some Washington cases speak to the trial court lacking jurisdiction to hear untimely LUPA appeals. See, e.g., Lakeside Indus. v. Thurston County, 119 Wash.App. 886, 900, 83 P.3d 433 (2004); Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 596-97, 599, 972 P.2d 470 (1999). Because superior courts are granted broad general jurisdiction over disputes under the Washington Constitution, article IV, section 6, a superior court has jurisdiction to determine whether a LUPA petition may go forward. See CR 1, 81; Dougherty v. Dep't of Labor & Indus., 150 Wash.2d 310, 315, 76 P.3d 1183 (2003). The proper phraseology is that parties who fail to timely file a LUPA petition may not avail themselves of the superior court's jurisdiction to hear the petition and may not maintain a LUPA action in superior court.
[10] We note that even had the Nickums filed their LUPA action in superior court within 21 days of the issuance of the permit, their non-SEPA related claims still would have been barred due to their failure to exhaust administrative remedies.
[11] Our Supreme Court has suggested that a LUPA appeal filed within 21 days of actual notice of certain land use decisions, such as a SEPA exemption determination not requiring notice, may be timely. See Habitat Watch, 155 Wash.2d at 409 & n. 7, 120 P.3d 56. But, here, the Nickums failed to file their LUPA petition within 21 days of their actual notice of the permit; thus, we need not address this possibility.