# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| C DAVIS, pro se,<br><br>Appellant,<br><br>v.<br><br>CITY OF ABERDEEN, a municipal corp.,<br><br>Respondent. | No. 57834-4-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — C Davis owns property in Aberdeen. Following an inspection report, which concluded a structure on his property was unfit for human habitation, a building official for the city of Aberdeen (City) ordered its demolition. Davis appealed the building official's order to the City's Building Code Commission Board of Appeals (Board). The Board rejected the appeal (Board's Decision). Davis appealed the Board's Decision to the superior court 29 days later. After a series of delays, the superior court ultimately dismissed the appeal as untimely under the Land Use Petition Act (LUPA).[1]

Davis appeals. He makes numerous arguments that his due process rights were violated. But he essentially contends that his appeal of the Board's Decision was timely because LUPA does not apply. Or if it does apply, the City's timeliness argument was waived.

We reject Davis' arguments and affirm.

---

[1] Ch. 36.70C RCW.

FACTS

In July 2021, following a City inspection and months of administrative proceedings, the City's building official issued a "Notice and Order," which ordered that Davis' premises be demolished. The Notice and Order stated that any appeal of the building official's decision would need to be filed within 30 days.

Davis proceeded pro se. Although not in our record, Davis apparently timely appealed the Notice and Order to the Board within the 30-day deadline. On September 21, 2021, the Board denied Davis' appeal.[2]

On October 20, 2021, 29 days after the Board's Decision, Davis filed a notice of appeal with the superior court. No initial hearing was set.

Nearly a year later, the superior court sent a "Notice of Hearing" to the parties, notifying them that a hearing had been set for September 12, 2022, to consider "the court's motion to dismiss appeal for failure to timely file a notice of appeal and/or for want of prosecution." Clerk's Papers (CP) at 28 (capitalization omitted). After Davis failed to appear at the hearing, the superior court dismissed Davis' appeal for want of prosecution.[3]

Davis filed a motion for reconsideration, which alleged that he did not receive notice of the September 2022 hearing. In December 2022, the superior court granted Davis' motion because the notice of the September 2022 hearing was returned as undeliverable. The superior court then

---

[2] The Board's Decision is not included in our record; however, the parties do not contest this fact.

[3] The superior court's September order dismissing Davis' appeal for want of prosecution is not in our record; however, our record contains an undated and unsigned proposed order. The parties do not dispute the superior court dismissed Davis' appeal in September 2022.

set a hearing for January 9, 2023, to consider Davis' appeal "including . . . any motions to dismiss." CP at 36. Thereafter, the City filed a motion to dismiss Davis' appeal as untimely under LUPA.

At the January 9 hearing, the superior court granted the City's motion to dismiss. Davis filed a motion to vacate the superior court's dismissal of his appeal. Treating it as a motion for reconsideration, the superior court, with a different judicial officer, denied the motion on January 13, 2023.

Davis appeals.

## ANALYSIS

Davis argues that the superior court erred by dismissing his appeal as untimely and, even if it was untimely, the City waived the issue by failing to raise it at an initial hearing. He further argues that he was improperly served with notice of an earlier hearing and deprived of due process because a different judicial officer presided over his motion to vacate.[4]

We reject each argument, beginning with the threshold question of the timeliness of Davis' appeal of the Board's Decision.

I. TIMELINESS OF DAVIS' APPEAL OF THE BOARD'S DECISION

Davis argues that the superior court erred by deciding his appeal was governed by LUPA. According to Davis, because general administrative deadlines applied, not LUPA, his appeal was timely. He claims that he was deprived of due process as a result. We disagree.

---

[4] Davis also makes a passing reference to a potential claim under the takings clause of the Fifth Amendment. Br. of Appellant at 9 ("[T]he City of Aberdeen aims to undertake an unjustified taking of real property."). If Davis intended to make such an argument, he failed to adequately support it with citations to the record or authority. As such, we will not further consider it. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

A. LEGAL PRINCIPLES

When an appellate court reviews an administrative decision, it stands in the same place as the superior court. *Habitat Watch v. Skagit County*, 155 Wn.2d 397, 405-06, 120 P.3d 56 (2005). Statutory interpretation is a question of law that we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). We also review due process challenges de novo. *Wash. Indep. Tel. Ass'n v. Wash. Utils. & Transp. Comm'n*, 149 Wn.2d 17, 24, 65 P.3d 319 (2003).

LUPA provides the exclusive means of judicial review of land use decisions. RCW 36.70C.030(1). The purpose of LUPA is to

> reform the process for judicial review of land use decisions made by local jurisdictions, by establishing uniform, *expedited* appeal procedures and uniform criteria for reviewing such decisions, in order to provide consistent, predictable, and *timely* judicial review.

RCW 36.70C.010 (emphasis added).

> LUPA defines a land use decision broadly:
>
> [A] final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals, on:
>
> (a) An application for a project permit or other governmental approval required by law before real property may be improved, developed, modified, sold, transferred, or used . . . ;
>
> (b) An interpretative or declaratory decision regarding the application to a specific property of zoning or other ordinances or rules regulating the improvement, development, modification, maintenance, or use of real property; and
>
> (c) The enforcement by a local jurisdiction of ordinances regulating the improvement, development, modification, *maintenance*, or *use of real property*. . . .

RCW 36.70C.020(2) (emphasis added).

4

Consistent with the purpose of LUPA to provide "expedited" procedures, the deadlines are short. An appeal (the petition) must be filed within 21 days of a land use decision. RCW 36.70C.040(3); *Habitat Watch*, 155 Wn.2d at 406, 409. "This 21-day statute of limitations is strict; the doctrine of substantial compliance does not apply." *Vogel v. City of Richland*, 161 Wn. App. 770, 777, 255 P.3d 805 (2011). Unless the land use petition is timely filed with the court and timely served, it is barred and unreviewable. RCW 36.70C.040(2); *Habitat Watch*, 155 Wn.2d at 406-07.

LUPA's 21-day deadline also applies to related due process claims. *Asche v. Bloomquist*, 132 Wn. App. 784, 798-99, 133 P.3d 475 (2006) (holding that the petitioners' due process challenge failed where they failed to appeal within 21 days of the building permit's issuance even when they complained of lack of notice under the procedural due process clause), *review denied*, 159 Wn.2d 1005 (2007); *Nickum v. City of Bainbridge Island*, 153 Wn. App. 366, 383, 223 P.3d 1172 (2009) ("LUPA time limits also apply to due process claims.").

Concurrently, the Aberdeen Municipal Code includes two different deadlines for appeal depending on what decision is being appealed. When a person is appealing the initial order of the *building official* to the Board, the person must file their appeal within 30 days after being served with the building official's order. AMC 15.50.080. However, if the person wants to appeal the decision of the Board to superior court, the deadline is shorter. Consistent with, and citing to, LUPA, the Aberdeen Municipal Code provides that anyone appealing a decision of the Board must do so within 21 days. AMC 15.50.110 ("Any person who has standing to file a land use petition in the Superior Court . . . may file such a petition within twenty-one (21) days of issuance of the

5

Board's decision . . . as provided by Section 705 of Chapter 347 of the Laws of 1995 [(the LUPA session law)].").

B. APPLICATION

Davis argues that the superior court erred by dismissing his appeal as untimely and, accordingly, depriving him of due process. He appears to argue that because the City building official's "Notice and Order" stated that he had 30 days to appeal, instead of 21, the City foreclosed the application of LUPA and, accordingly, his appeal was not untimely. Davis is incorrect.

It is undisputed that Davis appealed the Board's Decision 29 days after it was issued. Therefore, if LUPA and its 21-day deadline applied, then Davis' appeal was untimely. RCW 36.70C.040(2), (3); *Habitat Watch*, 155 Wn.2d at 406, 409.

LUPA applied. The Aberdeen Municipal Code states that the Board's decision "shall be the final decision of the City . . . ." AMC 15.50.090(E). Consequently, the Board's Decision constituted a "land use decision" under LUPA because it was a final determination by the body "with the highest level of authority to make the determination" on the "enforcement . . . of ordinances regulating" either "the . . . maintenance, or use of real property." *See* RCW 36.70C.020(2). And, as noted above, the Aberdeen Municipal Code also recognizes that the Board's decisions are appealable land use decisions under LUPA. *See* AMC 15.50.110.

Davis offers no persuasive argument to the contrary. As a result, any appeal of the Board's Decision was subject to the 21-day deadline for appeal under LUPA. RCW 36.70C.040(2), (3).

Because Davis filed his appeal of the Board's Decision more than 21 days after it was issued, Davis' appeal was untimely.[5]

Davis' belief that he should receive 30 days, not 21 days, to appeal is potentially rooted in a misunderstanding. As noted above, an appeal of the *building official's* decision is entitled to a 30-day deadline, but *not* an appeal of the *Board's* Decision. *See* AMC 15.50.080. In other words, while Davis had 30 days to appeal the building official's "Notice and Order" to demolish his property, he only had 21 days to appeal the Board's Decision. RCW 36.70C.040; AMC 15.50.080; AMC 15.50.110. Davis failed to do so. Because Davis did not timely appeal the Board's Decision within 21 days, his related due process claim also necessarily fails. *Asche*, 132 Wn. App. at 798-99.

Therefore, we hold that Davis' appeal of the Board's Decision was untimely under LUPA.

II. WAIVER OF THE TIMELINESS ISSUE

Davis argues that even if LUPA applies, the City waived its timeliness argument by not raising it before the January 2023 hearing. According to Davis, the City was required to raise the issue at the September 2022 hearing, which he characterizes as the "initial hearing" as opposed to the January 2023 hearing. Br. of Appellant at 16. We disagree.

LUPA requires that the petitioner note an "initial hearing." RCW 36.70C.080. If a defense of untimely filing is not raised at this hearing, the defense is waived. *Id.* The statute reads:

---

[5] Davis also claims that the City changed the classification of his claim from an "administrative procedure" to a LUPA petition and, in so doing, violated the doctrine of equitable estoppel. Br. of Appellant at 14. This claim is unpersuasive. By statute, the appeal of a land use decision is automatically governed by LUPA. RCW 36.70C.020(2), .040(2), (3); *see also* AMC 15.50.110. As a result, the City could not have changed the classification of Davis' case because it did not have the power to do so. Therefore, Davis' equitable estoppel claim fails.

(1)  [T]he petitioner shall note, according to the local rules of superior court, an initial hearing on jurisdictional and preliminary matters.  This initial hearing shall be set no sooner than thirty-five days and no later than fifty days after the petition is served on the parties . . . .

(2)  The parties shall note all motions on jurisdictional and procedural issues for resolution at the initial hearing . . . .

(3)  The defenses of lack of standing, *untimely filing* or service of the petition . . . are waived if not raised by timely motion noted to be heard at *the initial hearing* . . . .

RCW 36.70C.080 (emphasis added).

Thus, in order for Davis to prevail on his waiver argument, the September 2022 hearing would have to have been the "initial hearing."  It wasn't.

Here, despite being the petitioner, Davis did not note an initial hearing within 50 days of filing his petition, as the statute requires.  In fact, nothing in our record shows that Davis noted an initial hearing at any point.  Indeed, no action apparently took place in the case at all until the superior court, presumably sua sponte, noted a hearing for dismissal for want of prosecution.

Clearly, this September 2022 hearing was not the "initial hearing" under LUPA—the superior court scheduled the hearing based on inaction in the case for nearly a year.  After the superior court called for Davis to appear, and there was no response, it dismissed Davis' appeal.  But when the superior court later became aware that Davis did not receive adequate notice of the September 2022 hearing, it vacated its order and set an initial hearing for the matter on January 9, 2023, to consider, among other things, any motions to dismiss.

Although it was not noted by Davis, this January 2023 hearing clearly served as the LUPA initial hearing.  And prior to this hearing, the City filed a motion to dismiss Davis' appeal based on timeliness grounds.  By making its motion prior to this hearing, the City preserved, and did not

waive, its timeliness argument. Appropriately, as shown above, the superior court determined Davis' petition was, indeed, filed past the 21-day deadline and granted the motion to dismiss.

Davis' waiver claim fails.

### III. DEFECTIVE NOTICE OF SEPTEMBER 2022 HEARING

Davis next argues that he was improperly served with notice of the September 2022 hearing, which violated the summons statute and his due process rights. The City concedes that its notice was defective for the September 2022 hearing, but it argues that the defect is irrelevant. We agree with the City.

When Davis failed to appear at the September 2022 hearing, the superior court dismissed his petition. However, two months later in December, when it was made aware of the defects in the notice to Davis, the superior court granted Davis' motion for reconsideration and reinstated his appeal.

Davis fails to explain how the defective notice for the September 2022 hearing has any relevance to the validity of the superior court's ultimate dismissal of his appeal in January 2023. Indeed, the improper notice was already remedied by granting Davis' motion for reconsideration. Accordingly, Davis' improper notice claim fails.

### IV. PRESENCE OF DIFFERENT JUDICIAL OFFICER

Finally, Davis argues that he was deprived of due process because one judicial officer presided over the matter through the January 9 hearing but a different judicial officer denied Davis' motion to vacate on January 13 in violation of the county's local court rules. Davis argues that once a case has been heard in front of a judicial officer, the judicial officer cannot be changed. We disagree.

Grays Harbor County Local Civil Rule (LCR) 40 states in part,

(g)  Pre-assignment of Cases.

(1)  By the Court.  The Judges may select those cases deemed appropriate for pre-assignment due to length of trial or complexity of issues.  The Court shall notify the parties of any pre-assignment.

(2)  By Motion.  The parties by stipulation may request that a case be pre-assigned, or any party may place a motion for pre-assignment upon the appropriate motion calendar.

. . . .

(4)  All matters to be heard by pre-assigned Judge.  Once a case has been pre-assigned, all subsequent matters and proceedings except settlement conferences shall be heard before the assigned judicial officer, if available.

Davis' interpretation of the local rule is plainly incorrect.  The rule's prohibition on switching judicial officers only applies if the case was pre-assigned.  LCR 40(g).  Here, Davis does not provide any citations in the record to show that his matter was pre-assigned to the judicial officer that presided over the matter until Davis' motion to vacate.  As a result, we do not further consider Davis' argument that LCR 40(g) was violated.  *Cowiche,* 118 Wn.2d at 809 (arguments unsupported by references to the record are not considered).  Davis' related due process claim based on different judicial officers hearing his case fails.[6]

## CONCLUSION

We affirm.

---

[6] In his reply brief, Davis raises numerous new arguments, including that the City did not provide any option to make repairs to his property, LUPA's 21-day deadline to appeal a land use decision is unconstitutional because it violates his right to a speedy trial, the City did not make any record of the administrative hearing, the City made false allegations about the condition of the property, and officials from the City displayed bias against him.  We decline to consider Davis' new arguments raised for the first time in his reply brief.  RAP 10.3(c); *Cowiche*, 118 Wn.2d at 809.

No. 57834-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

VELJACIC, J.